■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABE ROTTO, Appellant.— Judgment of conviction unanimously reversed, on the law and on the facts and the information dismissed. Appellant was convicted at Special Sessions on an information charging the possession of obscene photographs and picture match boxes in violation of section 1141 of the Penal Law. The exhibits on which the conviction is based are not so clearly in violation of the statute as to establish appellant's guilt beyond a reasonable doubt. If the sensibility to pruriency of the average man of the community in which the charge is made is to be deemed the test by which a violation of the statute is determined, we find the test not met in this case; the photographs do not qualitatively differ greatly from these appearing in some periodicals of wide circulation in the community; in many moving picture poster displays, and in some advertisements (*Roth* v. *United States*, 354 U. S. 476). No sale or offer to sell was shown by the prosecution in this case; the testimony for the People showed the barest fact of the entry of the policeman into defendant's premises, the exact nature or use of which was not established, and the discovery by him

of the material upon which the charge was based. At the opening of the proceedings at Special Sessions the Assistant District Attorney concurred in the motion by defendant's counsel to dismiss, and told the court: "I have looked at the material in question. While the photographs contain females scantily clad, I do not think that, as a matter of law, the People could prove that they are pornographic. And so on that ground I will go along with the application." Upon appeal the People in effect submit the exhibits to this court's judgment as to whether they fall within the *Roth* definition and as to "whether or not the material in question is obscene by this standard". The brief concludes that the exhibits have no "attraction" other than as a stimulant to prurient interest. This is a somewhat different standard than the average man's reaction in the community by which the test has been applied. Concur — Botein, P. J., Breitel, Rabin, Eager and Bergan, JJ.